25 F.3d 1059
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Grant D. KAWA, Defendant-Appellant.
 No. 93-4164.
 United States Court of Appeals, Tenth Circuit.
 April 28, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Grant D. Kawa appeals his conviction for driving under the influence of alcohol on Hill Air Force Base. The offense was tried in federal court under the Assimilative Crimes Act, 18 U.S.C. 13. We affirm.
 
 
 2
 Defendant raises three issues. He argues the trial court's admission into evidence of an affidavit attesting to the accuracy of a breath analysis machine violated his constitutional right to confrontation. He next contends use of this affidavit for evidentiary purposes violated the Assimilative Crimes Act because the use was permitted by state procedural and not substantive law. Third, he contends the evidence was insufficient because there was no evidence submitted which would allow the trial judge to determine blood alcohol content as required by Utah law. None of these arguments is persuasive.
 
 
 3
 Defendant was arrested after being followed for a time by a Hill Air Force Base security officer who observed defendant driving in an erratic fashion. When stopped, defendant brought his car to a halt in a snowbank. The officer immediately noticed defendant's slurred speech and a smell of alcohol emanating from within his vehicle. When advised he had been stopped on suspicion of driving under the influence, defendant admitted he had consumed "a couple of beers."
 
 
 4
 The officer asked defendant to step out of his vehicle and into the officer's. On the way, defendant staggered from side to side. The officer then transported defendant to the visitor's center to conduct field sobriety tests.
 
 
 5
 Three such tests were administered, and defendant's performance indicated he was intoxicated. He was unable to stand without swaying, he could not keep count of the steps he took as requested, he stepped off a line he was required to walk, and he had to extend his arms to maintain his balance, contrary to instructions. In other tests, he was unable to stand on one foot and count to thirty, missing numbers fifteen through twenty-two. He was unable to respond to a nystagmus test with smooth eye motions.
 
 
 6
 As a consequence of these tests, the arresting officer concluded defendant was intoxicated and, therefore, incapable of safely operating a motor vehicle. The officer arrested defendant at that time.
 
 
 7
 Later, defendant was given the opportunity to take a breathalyzer test. He asked the officer what the "legal limit" in Utah is, and when informed, responded he knew he was beyond that limit. His prophecy proved correct.
 
 
 8
 The operator of the breathalyzer testified about the operation of the machine and proffered an affidavit stating the instrument used to test defendant was accurate according to acceptable standards. The operator then testified the results of defendant's tests showed his blood alcohol exceeded the Utah limits.
 
 
 9
 At the conclusion of the testimony, the trial judge made findings that the arresting officer was of sufficient competence and experience to render an opinion on sobriety. Upon that finding, the court also found the defendant's "[i]rregular and erratic driving pattern," the odor of alcohol, defendant's red eyes and slurred speech, and "trouble with walking and balance in response to a field sobriety test," were all "indicia of intoxication." The court further found the defendant was driving a vehicle on federal property ostensibly while in this condition. As additional evidence of defendant's intoxication, the court found defendant admitted to drinking, and the results of the breathalyzer test exceeded the state limit. The court concluded defendant "was under the influence of alcohol to the degree to render him incapable of safely driving a motor vehicle."
 
 
 10
 It is clear from these findings the trial court concluded defendant was guilty without reference to the breathalyzer test. Indeed, there was ample evidence of his intoxication from his appearance, his speech, the field sobriety tests, and his admission to convict him. Even were his arguments about the affidavit correct, the exclusion of that evidence could not have affected the court's determination of his guilt. At most, those arguments are merely academic in terms of reversible error.
 
 
 11
 Moreover, whether the trial court correctly made findings about the defendant's blood alcohol content is equally academic. The Utah statute upon which the charge was based does not make blood alcohol content the sole criterion for guilt. Indeed, Utah Code Ann. 41-6-44 predicates guilt on either an alcohol concentration of .08 grams or greater as shown by a chemical test or the influence of alcohol "to a degree that renders the person incapable of safely operating a vehicle." Because there is a plethora of evidence upon which to sustain his guilt on the latter ground without reference to the blood alcohol content, any error the trial court might have made in arriving at the defendant's blood alcohol level is harmless.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470